UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY SHURES and JOHN SHURES,            Case No. 09-10514

    Plaintiffs,                                                   HONORABLE SEAN F. COX
v.                                                                            United States District Judge

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
insurance company,

    Defendant.
_____/

OPINION & ORDER DENYING PLAINTIFFS' MOTION
FOR RECONSIDERATION OR REHEARING [Doc. No. 23]

Plaintiffs Tracy and John Shures ("Plaintiffs") bring this cause of action for benefits under the Michigan No-Fault Act against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). On September 18, 2009, the Court granted the summary for the Defendant in this matter [*See* Doc. No. 21], and entered an order dismissing this action with prejudice. [*See* Doc. No. 22]. The matter is currently before the Court on the Plaintiff's "Motion for Reconsideration or Rehearing" [Doc. No. 23]. The Court declines to hear oral argument pursuant to Local Rule 7.1(g)(2). For the reasons below, the Court **DENIES** the Plaintiffs' motion [Doc. No. 23].

The Court's local rule regarding motions for reconsideration states, in pertinent part:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case.*

1

E.D. Mich. L.R. 7.1(g)(3) (emphasis added).

In this case, the Plaintiffs argue that three separate "palpable defects" exist in the Court's September 18, 2009 Opinion & Order: 1) that a "tapering off" of benefits did not happen in Mr. Shures' case [Pl.'s Br., Doc. No. 23, p.2]; 2) that hourly attendant care benefits were never "ended altogether" in Mr. Shures' case [Pl.'s Br., Doc. No. 23, p.4]; and 3) that the jury in the prior lawsuit between the parties did not find that Mr. Shures' injuries did not arise out of his January 2, 2000 automobile accident. [Pl.'s Br., Doc. No. 23, p.4].

With respect to the Plaintiffs' first two arguments, assuming *arguendo* that a "tapering off" of Mr. Shures' benefits did not occur and that hourly attendant care benefits were never "ended altogether," correcting these defects would not "result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3).

With respect to the Plaintiffs' final argument, regarding whether the jury in the prior lawsuit found that Mr. Shures' injuries did not arise out of his January 2, 2000 automobile accident, this argument "merely presents the same issues ruled upon by the court," E.D. Mich. L.R. 7.1(g)(3) in its September 18, 2009 Opinion & Order.

As such, the Court **DENIES** the Plaintiffs' "Motion for Reconsideration or Rehearing" [Doc. No. 23].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2009, by electronic and/or ordinary mail.

3

S/Jennifer Hernandez
Case Manager